18558

The STATE of South Carolina, Respondent, v. GUY MOBILE
HOME CORP., a Georgia Corporation, Appellant

(149 S. E. (2d) 913)

*Messrs. Lee & Moise,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* of Columbia, and *Bryan & Bahnmuller,* of Sumter, *for Respondent,*

August 30, 1966.

BRAILSFORD, Justice.

This is a suit by the State of South Carolina against the defendant, Guy Mobile Home Corp., a foreign corporation, to recover a cumulative penalty arising under Section 12-737, Code of 1962, for failure of the corporation to comply with the requirements of Title 12, Chapter 11, Code of 1962, relating to the domestication of foreign corporations doing business in this State, particularly Section 12-721 thereof.[1] The sole issue before the circuit court—the amount of the penalty incurred—was submitted on the following stipulation:

"The defendant, Guy Mobile Home Corp., a Georgia corporation, was doing business without domesticating in the State of South Carolina from May 20, 1962, through September 17, 1962. All legal issues and questions of law are reserved for the Court."

The circuit court assessed the penalty at the rate of $10.00 per day for the full period of one hundred twenty-one days during which the defendant did business in this State and gave judgment accordingly. The defendant appeals, contending that by the terms of the code sections involved, the penalty did not begin to accrue until the expiration of sixty days from May 20, 1962. Therefore, it is liable for only sixty-one days penalty or $610.00.

---

[1] These code provisions are applicable to this controversy, but have been repealed by the South Carolina Business Corporation Act, Section 12-23.1 *et seq.,* Cumulative Supplement, Code of 1962.

Although there are additional domestication requirements, the parties agree that this issue turns on the construction of Section 12-721, requiring the filing of a stipulation or declaration, and Section 12-737, which imposes the penalty. We quote these two sections in full.

"12-721. *Stipulations to be filed by foreign corporations.* Each foreign corporation that may apply for admission to this State shall, within sixty days, file with the Secretary of State a written stipulation or declaration in due form designating some place within this State as the principal place of business or place of location of such corporation in this State at which all legal papers may be served on the corporation by delivery of the same to any officer, agent or employee of the corporation found therein."

"12-737. *Penalties for failure to file statements or pay fees.* Any foreign corporation failing to file any of the papers required by this chapter to be filed or failing to pay any of the fees required by this chapter to be paid, shall be liable to a fine of ten dollars per day for each day it fails to comply with such requirements, to be recovered at suit of the State in the court of common pleas for any county of the State."

Under well settled law, the penal statute invoked by the State as the foundation of its right to judgment against the defendant must be strictly construed against it and any uncertainty or ambiguity must be resolved in favor of the defendant. *State v. Lewis,* 141 S. C. 207, 139 S. E. 386. One who seeks to recover a penalty must bring his case clearly within the letter and spirit of the statute. *State ex rel. Moody v. Stem,* 213 S. C. 465, 50 S. E. (2d) 175. For other cases, see West's South Carolina Digest, Statutes, Key No. 241 (1).

The difference between the parties is that the State counts the number of days that the defendant did business, and cumulates the penalty for the full period; whereas, the defendant counts the number of days

on which it was in default of compliance and concedes liability for the per diem penalty after default occurred. Section 12-721 requires the filing of the declaration *within sixty days* after application by a foreign corporation for admission to this State. (Both parties treat the commencement of business as tantamount to an application for admission.) The penalty assessed by Section 12-737 is of $10-.00 per day for each day the foreign corporation *fails to comply with the requirements as to filing.* There can be no failure to comply until compliance is required, which is not until after the expiration of sixty days. Under the State's contention, a penalty of $610.00 would be assessed against a corporation which complied on the sixty-first day, but nothing would be due by one complying one day earlier. This is clearly opposed to the terms of the statute, which contemplates a cumulative penalty of $10.00 per day during default of compliance. At the very least, an ambiguity is presented which, when resolved against the State under the universally accepted rule, results in a penalty of only $610.00 instead of the sum assessed by the circuit court.

The judgment is modified accordingly.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting Associate Justice, concur.